U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED  JAN - 4 2001
LORETTA G. WHYTE
CLERK

U.S. COURT OF APPEALS
FILED
JAN 4 2001
CHARLES R. FULBRUGE III
CLERK

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 00-31046
USDC No. 00-CV-360-L

WILLIAM PECK,

                        Petitioner-Appellant,

versus

BURL CAIN, Warden, Louisiana State Penitentiary,

                        Respondent-Appellee.

---

Appeal from the United States District Court
for the Eastern District of Louisiana

---

O R D E R:

    William Peck, Louisiana inmate #126596, moves for a certificate of appealability (COA).

    Peck argues that due process was violated because the outcome of his trial was rendered unreliable by the prosecution's midtrial disclosure of Cynthia Steward's grand jury testimony, which revealed a motive for the crime. Peck views this as a Brady[1] violation. The state appellate court's findings, that the grand jury testimony was disclosed to the defense before Steward's cross-examination and that the testimony was not exculpatory, are presumptively correct and have not been rebutted

---

    [1] Brady v. Maryland, 373 U.S. 83 (1963).

O R D E R
No. 00-31046
- 2 -

by Peck with clear and convincing evidence. See <u>Davis v. Johnson</u>, 158 F.3d 806, 812 (5th Cir. 1998), <u>cert. denied</u>, 526 U.S. 1074 (1999); 28 U.S.C. § 2254(e)(1). Thus, the state court's determination that no <u>Brady</u> violation occurred is not an unreasonable application of federal law. See <u>Williams v. Taylor</u>, 120 S. Ct. 1495, 1521-23 (2000); <u>Brady</u>, 373 U.S. at 87.

Peck argues that the prosecution suppressed other favorable evidence: the police report which indicated that other individuals witnessed Neustadter's murder; this same police report which characterized the assailant as an unknown black male; and Detective Marchese's police report which disclosed that another police officer, not Marchese, was the officer who received the confidential information about the name of the assailant. The state-court record discloses that the defense had the initial police report. See <u>Lawrence v. Lensing</u>, 42 F.3d 255, 257 (5th Cir. 1994). Moreover, the information within the reports was not material. See <u>United States v. Bagley</u>, 473 U.S. 667, 682 (1985).

Peck argues that counsel rendered ineffective assistance by failing to move pretrial for the suppression of the pipe introduced into evidence. Peck has not demonstrated the requisite deficiency to support his claim. See <u>Strickland v. Washington</u>, 466 U.S. 668, 687 (1984).

Peck challenges the constitutionality of Steward's identification of him from the photo array. Peck's emphasis on the purportedly unreliable and inconsistent statements by Steward does not present a challenge to the identification procedure

O R D E R
No. 00-31046
- 3 -

used, an array of six photographs. To the extent that Peck's challenge to the photo array is based on the lack of any photographs of people from the neighborhood, besides a photograph of Peck, his challenge is without merit. See Dispensa v. Lynaugh, 847 F.2d 211, 218 (5th Cir. 1988).

Peck fails to make a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). Therefore, IT IS ORDERED that COA is DENIED.

/s/ Robert M. Parker
ROBERT M. PARKER
UNITED STATES CIRCUIT JUDGE

A true copy
Test

Clerk, U. S. Court of Appeals, Fifth Circuit
By LaTonya Khant
Deputy 1/4/01
New Orleans, Louisiana